THOMAS J. DRENNAN, Fire Commissioner of the City of New York, Respondent, *v.* AMERICAN PRESS ASSOCIATION, INC., Appellant.

First Department, March 26, 1926.

**Municipal corporations — fire prevention — action by fire commissioner of city of New York for penalty for failure of defendant to comply with order directing installation of sprinkler system — defendant is lessee of entire building but uses one floor only for its offices — defendant is not engaged in manufacturing — Greater New York charter, § 775, and Code of Ordinances, chap. 12, § 20, apply only to owner — fire commissioner had no power to direct lessee to install sprinkler system.**

The fire commissioner of the city of New York cannot recover in an action for a penalty based on the alleged failure of the defendant to comply with an order directing it to install a sprinkler system, since it appears that the defendant is not the owner of the building, but is the lessee of the entire building and uses one floor only thereof for its offices, but not for the purpose of manufacture, for section 775 of the Greater New York charter and section 20 of chapter 12 of the Code of Ordinances apply only to owners of buildings and do not give the fire commissioner power to compel the lessee of a building to install a sprinkler system.

APPEAL by the defendant, American Press Association, Inc., from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 9th day of April, 1925, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in favor of the plaintiff.

*Brodek & Raphael* [*Charles A. Brodek* of counsel], for the appellant.

*George P. Nicholson, Corporation Counsel* [*John F. O'Brien* of counsel; *Martin H. Murphy* with him on the brief], for the respondent.

McAVOY, J.  The fire commissioner of the city of New York brought this suit to impose a penalty of $100 on the defendant, appellant, for failure to comply with an order made by him as such fire commissioner directing defendant to install a sprinkler system in the building 225 West Thirty-ninth street, borough of Manhattan, of which defendant is lessee.

The Municipal Court rendered judgment for the plaintiff and the Appellate Term affirmed that judgment, one justice dissenting. The defendant contests the right of the fire commissioner to direct him as the lessee and occupant of the premises to install a system of automatic sprinklers on the theory that chapter 12, section 20, of the Code of Ordinances of the City of New York provides only for the installation of various fire preventive measures by " owners and proprietors of all manufactories," and does not provide especially for structural changes by a mere lessee who is not engaged in the manufacturing business on the premises.

The ordinance provides, in so far as here pertinent, that " The owners and proprietors of all manufactories   *   *   *   shall provide   *   *   *   such fire hose, fire extinguishers,   *   *   *   and other means of preventing and extinguishing fires as the fire commissioner may direct."

This is section 762 of the original Greater New York charter (Laws of 1897, chap. 378), re-enacted as an ordinance by virtue of " Section Three " of chapter 466 of the Laws of 1901 in the above-mentioned chapter and section of the Code of Ordinances.

There is no doubt that this particular form of fire extinguishing appliance could be required of the owner of the building or the proprietor of a factory business contained therein.  The proof, however, shows that this defendant is not the owner of the building, and although the lessee of the entire building, occupies only one floor, the eleventh, which it uses exclusively as an executive office without any appurtenances for manufacture.   The order is addressed to the American Press Association, Inc., as occupant and lessee of

the premises, and directs the lessee to provide a separate and distinct system of automatic sprinklers throughout the building, and the order concludes with the statement that structural changes must be approved by the bureau of buildings, assuming, apparently, that some structural changes will be required to make the installation of water mains and lateral pipes and a 10,000-gallon water tank on the roof, which the order's mandate would make requisite. Apparently from his opinion the learned trial court concluded that defendant was required to comply with this order by virtue of its lease; but we find no lease in evidence from which we can conclude that there was any such obligation imposed.

The fire commissioner may only base his direction upon a law or ordinance which he is lawfully authorized to enforce. He cannot select such persons from whom to require compliance with his directions as he believes ought to be so compelled. The direction for installation of fire-extinguishing equipment by his order is limited by the terms of subdivision 3 of section 775 of the Greater New York charter (Laws of 1901, chap. 466, added by Laws of 1911, chap. 899), as amended by chapter 503 of the Laws of 1916, to such instances as are " prescribed by any law or ordinance or by the rules and regulations of the board of standards and appeals."

If the ordinance and its enforcing statute be assumed to authorize the fire commissioner to order structural changes in a factory building, nevertheless it does not empower him to require a lessee who is not engaged in manufacturing to install a sprinkler system, even though the lessee be the lessee of the entire building. To hold that the lessee of an entire building can be construed to be the owner thereof is to include in the definition of the term " owner " something which in ordinary language is never even implied. In fact, the diverse character of an owner and a lessee, even in legal terminology, is constantly recognized. It is true that in the Labor Law and the Building Code under their titles of " definitions," the term " lessee " is included in the term " owner," but in both enactments the definition is " restricted to the purposes of the chapter or article " in which they are found. (See Labor Law, § 315; Building Code, § 2.) If it seemed necessary specifically to include the term " lessee " in the definition of " owner " for the particular purposes of those enactments in which that definition appears, it would appear *arguendo* that it would not otherwise have that significance. If the board of aldermen intended the term " owner " to include " lessee " throughout the Code of Ordinances, it would have so ordained in the general title of definitions at the very beginning of that Code. (See chap. 1, § 1.) This it does not do. The definition of an owner as including a lessee is found

only in chapter 5 of the Code of Ordinances embodying the Building Code.

In no reported case where the fire commissioner was sustained in a direction to install a sprinkler order, was the order directed to the occupant or lessee of the premises. In every case the owner of the building was specifically directed to comply with the order.

It seems obvious that this ordinance was intended to impose the duty prescribed therein upon the owner and proprietor of a building, and not upon the lessee thereof.

The determination of the Appellate Term appealed from and the judgment of the Municipal Court should, therefore, be reversed and the complaint dismissed, with costs to the appellant in all courts.

DOWLING, MERRELL and MARTIN, JJ., concur.

Determination of the Appellate Term and judgment of the Municipal Court reversed and the complaint dismissed, with costs to the appellant in all courts.